UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ANTONIO McGILL ]
    Plaintiff, ]
  ] No. 3 09 0697
v. ] (No. 3:09-mc-0170)
  ] Judge Trauger
STATE OF TENNESSEE, et al. ]
    Defendants. ]

## MEMORANDUM

The plaintiff, proceeding *pro se*, is an inmate at the West Tennessee State Penitentiary in Henning, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against the State of Tennessee; George Little, Commissioner of the Tennessee Department of Correction (TDOC); and Ruben Hodge, an Assistant Commissioner of TDOC; seeking injunctive relief and damages.

In January, 2008, disciplinary panels at the South Central Correctional Center found the plaintiff guilty of possessing a deadly weapon and participating in gang activity. The plaintiff claims that Commissioners Little and Hodge violated his right to due process by affirming these disciplinary convictions. He further claims that the State of Tennessee also violated his right to due process by not allowing him to challenge the convictions in the state courts.

The plaintiff filed this action on July 17, 2009, the date

that he signed the cover sheet that accompanied his pleadings and presumably placed them in the prison mail system for posting. The plaintiff's claims against Commissioners Little and Hodge arose when these defendants affirmed his convictions in February, 2008. Thus, it appears that the claims against Commissioners Little and Hodge are time-barred by the one year statute of limitations imposed upon civil rights claims brought in Tennessee. Merriweather v. City of Memphis, 107 F.3d 396, 398 (6th Cir.1997).

Nothing in the complaint suggests that the statute should be tolled so as to permit the untimely filing of the claims against these defendants. The Court, therefore, concludes that these claims are time-barred and are not subject to adjudication. Pino v. Ryan, 49 F.3d 51, 53-54 (2d Cir.1995); see also Watson v. Wigginton, 16 F.3d 1223, 1994 U.S. App. LEXIS 1329, No.93-6023 (unpublished; 6th Cir. January 24, 1994).

The plaintiff alleges that the State of Tennessee is also liable for a deprivation of his right to due process. The Eleventh Amendment bars a suit in federal court by a citizen against a state unless the state has expressly consented to suit by waiving its sovereign immunity or Congress has clearly overridden that immunity. Pennhurst State School and Hospital v. Halderman, 104 S.Ct. 900, 908 (1984); Will v. Michigan Department of State Police, 109 S.Ct. 2304, 2312 (1989). Congress has not overridden a state's sovereign immunity to civil rights complaints. Moreover, the State of Tennessee has not consented to waive its immunity to such

actions. Berndt v. Tennessee, 796 F.2d 879 (6th Cir.1986). Therefore, the plaintiff has failed to state an actionable claim against the State of Tennessee.

Having carefully considered the complaint, the Court finds that the plaintiff has failed to state a claim upon which relief can be granted. Under such circumstances, the Court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

                                              _____
                                              Aleta A. Trauger
                                              United States District Judge